UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Leo A. Cullinan | ) |
| | ) |
| v. | )   Civil Action No. 22-cv-00563-LM |
| | ) |
| Catholic Medical Center; et al | ) |

## ANSWER, DEFENSES AND JURY DEMAND

Defendants Manchester Police Department, Allan Aldenberg, Austin Biery, Rogerio Dias, Ryan Garland, Brendan Langton, FNU Nocella, Max Castrical[sic] and Stephen Bates, (hereinafter, "MPD Defendants") by way of Answer to the Complaint say as follows:

1. No allegations are asserted in this paragraph and therefore no response is required.

2. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

3. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

4. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

5. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

6. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

7. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

8. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent required these Defendants deny same.

## II. Jurisdiction

9. The allegations of this paragraph are a conclusion of law for which no response is required.

10. The allegations of this paragraph are a conclusion of law for which no response is required.

## III. Parties

11. Denied as to the allegations against these Defendants.

12. Denied as to the allegations against these Defendants.

13. Denied as to the allegations against these Defendants.

## Statement of Facts

1. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

2. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

3. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

4. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

5. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

6. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

7. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

8. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

9. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

10. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

11. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

12. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

13. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

14. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

15. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

16. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

17. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

18. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

19. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

20. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

21. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

22. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

23. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

24. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

25. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

26. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

27. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

28. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

29. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

30. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

31. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

32. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

33. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

34. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

35. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

36. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

37. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

38. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

39. Except to admit that an arrest took place on the date referenced, MPD Case # 22-015580, these Defendants deny the remainder of the allegations of this paragraph.

40. Except to admit that an arrest took place on the date referenced, MPD Case # 22-015580, these Defendants deny the remainder of the allegations of this paragraph.

41. Except to admit that plaintiff was held on preventative detention based on the fact that he posed a significant risk and substantial danger to others, including but not limited to workers from Catholic Medical Center, Defendants lack knowledge sufficient to admit or deny the remainder of the allegations of this paragraph and therefore deny same.

42. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

43. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

44. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

45. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

46. Except to admit that some Defendants may have provided security assistance to CMC, Defendants deny the remainder of the allegations of this paragraph directed at them.

47. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

48. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

49. Defendants lack knowledge sufficient to admit or deny and therefore deny same.

## Claims for Relief

## Emergency Medical Treatment and Labor Act Violations

50. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

51. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

52. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

53. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

54. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

55. Denied as to the allegations against these Defendants.

56. Denied as to the allegations against these Defendants.

57. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

58. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

59. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

60. Denied as to the allegations against these Defendants.

## Causes of Action & Claims for Relief

## EMTALA Violations

61. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

62. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

### Relief Requested

63. This paragraph does not require a response.

64. The allegations of this paragraph are not directed at these Defendants. To the extent they are otherwise construed, they are denied.

65. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for injunctive relief.

66. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants deny the allegations against them and assert that the Court should deny the application for relief requested.

67. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for injunctive relief.

68. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for injunctive relief.

69. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for injunctive relief.

70. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for injunctive relief.

### Health Insurance Portability and Accountability Act Violations

71. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

72. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

73. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

74. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

75. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

76. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

77. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

78. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

79. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

80. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

### Civil Rico Violations

81. Denied as to the allegations against these Defendants.

### Relief Requested

82. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

83. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

84. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

These Defendants deny the allegations against them in the unnumbered paragraphs between pars. 84 and 85 and assert that the Court should deny the requested relief.

85. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

86. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

87. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

## Americans with Disabilities Act Title II

88. Denied as to these Defendants.

89. Denied as to these Defendants.

90. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

91. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

## Rehabilitation Act of 1973 Section 504

92. Denied as to the allegations against these Defendants.

## Relief Requested

93. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

### **Conspiracy to Violate Civil Rights**

94. Denied as to the allegations against these Defendants.

### **Relief Requested**

95. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

96. These Defendants deny the allegations against them in this paragraph and assert that the Court should deny the requested relief.

### **Medical Malpractice**

97. The allegations of this paragraph are not directed at these Defendants and therefore no response is required. To the extent otherwise construed, they are denied.

### **Relief Requested**

98. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

99. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

100. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

101. The relief requested is not directed at these Defendants and accordingly no response is required. To the extent otherwise construed, Defendants assert that the Court should deny the application for relief.

## **Motion for Summary Judgment on Prima Facie EMTALA & HIPAA Violations**

102. A motion for summary judgment cannot be included with a Complaint and in accordance with the applicable Rules of Civil Procedure and holdings in this Court, must be separately filed.

103. A motion for summary judgment cannot be included with a Complaint and in accordance with the applicable Rules of Civil Procedure and holdings in this Court, must be separately filed.

## **Motion to Stay Medical Malpractice Claim**

104. A motion to stay all or a part of proceedings cannot be included with a Complaint and in accordance with the applicable Rules of Civil Procedure and holdings in this Court, must be separately filed.

105. A motion to stay all or a part of proceedings cannot be included with a Complaint and in accordance with the applicable Rules of Civil Procedure and holdings in this Court, must be separately filed.

106. A motion to stay all or a part of proceedings cannot be included with a Complaint and in accordance with the applicable Rules of Civil Procedure and holdings in this Court, must be separately filed.

107. A motion to stay all or a part of proceedings cannot be included with a Complaint and in accordance with the applicable Rules of Civil Procedure and holdings in this Court, must be separately filed.

WHEREFORE, these Defendants demand dismissal of all counts against them and for interest and costs thereon.

## **DEFENSES**

1. Defendants deny all liability and damages.

2. The complaint fails to state a claim upon which relief can be granted.

3. Defendants are immune from liability under the doctrine of official immunity.

4. Defendants are immune from liability under the doctrine of qualified immunity.

5. Plaintiff's state law claims are barred by RSA 507-B and any damages under state law claims are limited by that statute.

6. Plaintiff's right to recovery is barred and/or reduced by the doctrine of contributory negligence and/or comparative fault.

7. Plaintiff has failed to mitigate damages.

8. Plaintiff's damages, if any, are the result of actions of third persons or entities over which these Defendants had no control or obligation to control.

9. Defendants assert the equitable defenses of unclean hands, estoppel and laches. Defendant reserves the right to supplement this list as discovery progresses.

## **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

Manchester Police Department, Allan Aldenberg, Austin Biery, Rogerio Dias, Ryan Garland, Brendan Langton, FNU Nocella, Max Castrical[sic] and Stephen Bates

By their Attorneys,
FRIEDMAN FEENEY, PLLC

Dated: January 30, 2023                 By:  /s/ Dona Feeney_____
                                        Dona Feeney, Esquire (N.H. Bar No. 12854)
                                        95 North State Street, Suite 5
                                        Concord, NH   03301
                                        dfeeney@friedmanfeeney.com
                                        (603)783-5105

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been transmitted to all parties and counsel of record on the ECF service list on January 30, 2023; and a paper copy sent to plaintiff *pro se* by regular mail, postage prepaid to:

Leo A. Cullinan
14 Country Club Dr., Apt 25
Manchester, NH 03102

                                          /s/ Dona Feeney_____
                                        Dona Feeney, Esq.