UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Leo A. Cullinan</u>

    v.                            Case No. 22-cv-563-LM

<u>Catholic Medical Center et. al</u>


### **REPORT AND RECOMMENDATION**

Jonathan Cullinan, the brother of deceased plaintiff Leo Cullinan, has filed motions to substitute as plaintiff (Doc. No. 42) and two motions to extend time to substitute. (Doc. Nos. 43 and 46). The defendants have objected to all three motions, which have been referred to the undersigned Magistrate Judge.[1] As explained more fully below, the district judge should deny the pending motions and dismiss this case.

### **Background**

On June 21, 2023, the defendants filed a suggestion of death of self-represented plaintiff Leo Cullinan (Doc. No. 25). On November 1, 2023, Jonathan Cullinan, filed a motion to be named successor. (Doc. No. 28). As that filing was legally insufficient to allow substitution, the court, on July 29, 2024,

---

[1] The court construes the motions to extend time as being presented as alternatives should the court find Mr. Cullinan's Motion to Substitute deficient.

issued an Order to Show Cause (Doc. No. 40) why the case should not be dismissed. Mr. Cullinan, the court stated, "must provide either documentary evidence that [he] is the administrator or executor of Leo Cullinan's estate or other proof that he is the primary beneficiary of that estate." Order to Show Cause (Doc. No. 40) at 3. On August 27, 2024, the court ordered Mr. Cullinan to file a "properly supported motion to substitute" on or before October 31, 2024.

    Jonathan Cullinan timely responded to the court's Order by filing the instant Motion to Substitute (Doc. No. 28). On the same day, he also filed a motion to extend the deadline for seeking substitution pending the resolution of state Probate Court proceedings (Doc. No. 43). On December 2, 2024, Mr. Cullinan filed another motion for extension of time. (Doc. No. 46). He asserted that he was incarcerated and that his (and Leo Cullinan's) mother had failed to properly follow Probate Court procedures, resulting in the termination (or at least the suspension) of efforts to name Jonathan Cullinan administrator or executor of his brother's estate. He seeks an extension to properly support his motion to substitute until July 1, 2025, more than eight weeks after his release from incarceration.

**Discussion**

A. Substitution

When a party dies during litigation and the "claim survives the death of [the] party, Fed. R. Civ. P. 25 'facilitates the substitution of a "proper party" to take the place of the decedent.'" Marcus v. Am. Cont. Bridge League, 80 F.4th 33, 43 (1st Cir. 2023) (quoting Silas v. Sheriff of Broward Cnty., 55 F.4th 872, 876 (11th Cir. 2022)). In relevant part, that Rule provides:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> ...

Fed. R. Civ. P. 25(a)(1).[2]

The First Circuit Court of Appeals has noted that Rule 25 does not specify who qualifies as a "decedent's successor or representative" and, therefore, a "proper party" for substitution. See Universitas Educ., LLC v. Granderson, 98 F.4th 357, 371–73 (1st Cir. 2024). The court did, however, point to examples from other courts, "such as individuals who are '(1) the primary beneficiary of an already distributed estate, (2)

---

[2] Other sections of the rule address issues unrelated to the identity of the party seeking substitution, which are not at issue.

3

named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.'" Id. (quoting In re Baycol Prods. Litig., 616 F.3d 778, 784-85 (8th Cir. 2010) (internal citations omitted)); see also N.H. Rev. Stat. Ann. § 556:10 (decedent's claim will "abate and forever be barred" unless the administrator of the deceased party appears and assumes the prosecution . . . .") (emphasis added).

Here, it is beyond dispute that Jonathan Cullinan has not established that he is the administrator or executor of Leo Cullinan's estate or other proof that he is the primary beneficiary of that estate.  Accordingly, his Motion to Substitute (Doc. No. 42) should be denied.

B. Extension of Time

As previously noted, Jonathan Cullinan seeks an extension of the deadline to file a properly supported Motion to Substitute until July 1, 2025, approximately ten weeks after he is to be released from incarceration, and more than two years after Leo Cullinan's death. Granting the extension of time would be futile, however, as the time allotted under the New Hampshire substantive law and the Federal Rules of Civil Procedure to prosecute this lawsuit on behalf of Leo Cullinan's estate has expired.

4

Pursuant to N.H. Rev. Stat. Ann. § 556:10, if a personal injury action was pending at the time of the plaintiff's death, "it shall abate and be forever barred, unless the administrator of the deceased party, if the deceased was plaintiff, shall appear and assume the prosecution of the action before the end of the second term after the decease of such party, . . . ." The "second term" language has been interpreted to mean one year from the decedent's death. McNamara, 4 New Hampshire Practice, Personal Injury Tort and Insurance Practice, Ch. 10, § 323. See also Mayrand v. Water Pik Techs., Inc., No. Civ. 00-531-M, 2002 WL 220048 (D.N.H. Feb. 6, 2002) ("[a]batement occurs, by operation of the statute and New Hampshire precedent, only upon a condition subsequent — failure of the decedent's administrator to appear and assume prosecution of the personal injury action pending at decedent's death, within one year of death.")

In addition to the suit being "forever barred" by New Hampshire law, Fed. R. Civ. P. 25 states that a motion to substitute following a party's death must be filed within 90 days of "service of a statement of the death" or the action "must be dismissed." Here, the record indicates that service of the suggestion of death on Jonathan Cullinan and others who might be successors to Leo Cullinan was completed by August 14, 2023 (Doc. No. 27). Though Jonathan Cullinan filed his first motion to substitute (Doc. No. 28) on November 1, 2023 – within

5

the ninety-day deadline – his motion was denied as legally insufficient, a shortcoming which Jonathan Cullinan has failed to remedy. Over one year has passed since service of the notice of death. As he has failed to demonstrate that he is a "proper party" within the meaning of Rule 25, and his claim is barred under New Hampshire law, any further extension would be futile.[3]

## Conclusion

Based on the foregoing, and for the reasons set forth in the court's previous Order to Show Cause (Doc. No. 40), the district judge should deny Jonathan Cullinan's motion to substitute (Doc. No. 42), deny his motions to extend time (Doc. Nos. 43 and 46) and dismiss this case pursuant to Fed. R. Civ. P. 25.

---

[3] Some courts have allowed extensions of time due to state court delays in estate administration, see e.g., Staggers v. Otto Gerdau Co., 359 F.2d 292. (2d Cir. 1966), or considered "excusable neglect" in its analysis, see e.g., Jones v. Siegfried Const. Co., Inc., 105 F.R.D. 491 (W.D.N.Y. 1994). As to the former, the difficulties with the state probate court are, according to Jonathan Cullinan, due to a combination of incarceration-related mail issues and his mother's failure to open email. As to the latter, a showing of excusable neglect consists of a demonstration of good faith and 'some reasonable basis for noncompliance within the time specified in the rules.' 4 Wright & Miller, Federal Practice and Procedure: Civil § 1165, at 622 (1969)." Al-Jundi v. Rockefeller, 88 F.R.D. 244, 247 (W.D.N.Y.1980). The burden is on movant to make this showing. See Yonofsky v. Wernick, 362 F. Supp. 1005, 1012 (S.D.N.Y.1973). Applying that standard, the court finds that Mr. Cullinan has failed to demonstrate excusable neglect.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

                                            _____
                                            Andrea K. Johnstone
                                            United States Magistrate Judge

January 15, 2025

cc:   Leo Cullinan, pro se
       Counsel of Recod